Diallo v. Holder

BIA
Laforest, IJ
A098 694 899

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand thirteen.

PRESENT:
> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

MOHAMED DIALLO,
> *Petitioner,*

> v.                                    12-863
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

| | |
|---|---|
| FOR PETITIONER: | Genet Getachew, Brooklyn, New York. |
| FOR RESPONDENT: | Stuart F. Delery, Acting Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Channah M. Farber, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohamed Diallo, a native and citizen of Guinea, seeks review of a February 7, 2012, decision of the BIA, affirming the January 5, 2010, decision of Immigration Judge ("IJ") Brigitte Laforest, denying Diallo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Diallo*, No. A098 694 899 (B.I.A. Feb. 7, 2012), *aff'g* No. A098 694 899 (Immig. Ct. N.Y. City Jan. 5, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007).

Because Diallo filed his asylum application in January 2005, the REAL ID Act does not apply in this case. *See* REAL

ID Act of 2005, Div. B of Pub. L. No. 109-13, 119 Stat. 302, 303 (enacted May 11,2005) (codified at 8 U.S.C. § 1158(b)(1)(B)(iii)); *Matter of S-B-*, 24 I. & N. Dec. 42, 43, 45 (BIA 2006).  Although not raised by Diallo, we note that the BIA incorrectly stated that the REAL ID Act applied to Diallo's application.  Nevertheless, it would be futile to remand for the BIA to correct this misstatement because the IJ's decision does not indicate that she applied the REAL ID Act in evaluating Diallo's credibility and the BIA's decision simply affirmed the IJ's decision.  *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008).  Moreover, as discussed herein, the IJ's decision satisfied the pre-REAL ID Act standard for adverse credibility determinations as it was based on "specific, cogent reasons" that bore "a legitimate nexus" to the finding, and the inconsistencies identified were material to the claim raised and were "substantial" when measured against the record as a whole. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003), *superseded by the REAL ID Act as recognized in Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008).

Indeed, the IJ's adverse credibility determination was supported by discrepancies among Diallo's testimony, asylum

application, medical certificate, and corroborating letters regarding the detention that formed the basis of his claim. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402-03 (2d Cir. 2006); *see also Surinder Singh v. BIA*, 488 F.3d 145, 148 (2d Cir. 2006). Moreover, Diallo failed to provide compelling explanations for these discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Given the record discrepancies that go to the heart of Diallo's claim, we find the IJ's adverse credibility determination supported by substantial evidence. *See Shu Wen Sun*, 510 F.3d at 379. Thus, the agency did not err in denying Diallo asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

4

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk